AO 91 (Rev. 11/11) Criminal Complaint (Rev. by USAO on 3/12/20)    ☐ Original   ☐ Duplicate Original

**LODGED**
CLERK, U.S. DISTRICT COURT

1/21/2026

CENTRAL DISTRICT OF CALIFORNIA
BY: EC DEPUTY

# UNITED STATES DISTRICT COURT

for the

Central District of California

**FILED**
CLERK, U.S. DISTRICT COURT

01/21/2026

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ KH _____ DEPUTY

United States of America

v.

RICARDO ALFONSO RAMIREZ,

Defendant

Case No.   8:26-mj-00049-DUTY

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of January 20, 2026 in the county of Orange in the Central District of California, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 111(a)(1) | Assaulting, Resisting, or Impeding a Federal Officer Involving Physical Contact |

This criminal complaint is based on these facts:

*Please see attached affidavit.*

☒ Continued on the attached sheet.

*/s/ Ryan D. Taylor*
_____
*Complainant's signature*

Ryan D. Taylor, Special Agent
_____
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone.

Date:        January 21, 2026

*/s/ Autumn D. Spaeth*
_____
*Judge's signature*

City and state:   Santa Ana, California

Hon. Autumn D. Spaeth, U.S. Magistrate Judge
_____
*Printed name and title*

AUSA: M.T.

## AFFIDAVIT

I, Ryan D. Taylor, being duly sworn, declare and state as follows:

## I.  INTRODUCTION

1.  I am a Special Agent of the United States Department of Homeland Security, Homeland Security Investigations ("HSI"), and have been so employed since May 2024. I am currently assigned to the Orange County, California, field office.

2.  My responsibilities as an HSI Special Agent include the investigation of criminal violations, such as violations related to assault on federal officers.  I have also received training on and conducted and/or assisted in investigations involving the violation of laws pertaining to drug trafficking, bulk cash smuggling, money laundering, gangs, and human trafficking.  I am a graduate of the Criminal Investigator Training Program and the HSI Special Agent Basic Training Program at the Federal Law Enforcement Training Center in Glynco, Georgia.  Prior to my employment with HSI, I was an investigative assistant with HSI El Camino Real Financial Crimes Task Force. In addition to my work history, I have a Bachelor of Science in National Security Studies from New Jersey City University.

## II. PURPOSE OF AFFIDAVIT

3.  This affidavit is made in support of an arrest warrant and criminal complaint for Ricardo Alfonso RAMIREZ ("RAMIREZ") for a violation of 18 U.S.C. § 111(a)(1): Assaulting, Resisting, or Impeding a Federal Officer Involving Physical Contact.

1

4.    The facts set forth in this affidavit are based upon my personal observations, my training and experience, and information obtained from various law enforcement personnel and witnesses.  This affidavit is intended to show merely that there is sufficient probable cause for the requested complaint and warrant and does not purport to set forth all of my knowledge of or investigation into this matter.  Unless specifically indicated otherwise, all conversations and statements described in this affidavit are related in substance and in part only, and any dates and times are on or about those dates and times.

### III.  STATEMENT OF PROBABLE CAUSE

5.    Unless otherwise noted, the following facts are based on body worn camera footage and my interviews with United States Customs and Border Protection ("CBP") Border Patrol Agents ("BPAs") who saw the events.

6.    On January 20, 2026, BPAs (including Victim A.P.) were in the city of Westminster, California as officers and employees of the United States and engaged in the performance of official duties.  They were wearing green uniformed clothing and gear, which had "Police" and "Border Patrol" markings, as well as their Border Patrol badge patches on their vest at chest level.

7.    BPAs approached an individual, asked him questions, and detained him for being in the United States illegally.

8.    As seen on body worn camera, Victim A.P. placed the individual in the rear driver side seat of the government vehicle, another individual, later identified as RAMIREZ, approached him.

9.    RAMIREZ was holding a mobile telephone at chest level and asked for documentation regarding the arrest of the individual.  RAMIREZ appeared to be recording on his mobile telephone.  RAMRIEZ walked to within feet of Victim A.P. as Victim A.P. began to walk around the vehicle.  Victim A.P. pushed at the free arm of RAMIREZ, as RAMIREZ made a pointing motion with his hand at a close proximity to Victim One.  RAMIREZ repeatedly yelled expletives at Victim A.P.

10.  As Victim A.P. walked around the front of the government vehicle, RAMIREZ remained in front of him yelling within feet of Victim A.P.  Victim A.P. told RAMIREZ to "stay away" from him at least two times and that he may be arrested if he did not.

11.  Victim A.P. opened the vehicle door.  According to Victim A.P., the door made contact with RAMIREZ as he opened it.  RAMIREZ then pushed the door back at Victim A.P., striking Victim A.P.'s head and getting Victim A.P.'s head caught between the car frame and door.

12.  The BPAs arrested RAMIREZ.

13.  For all the reasons described above, I believe there is probable cause to believe that RAMIREZ violated 18

///

3

U.S.C.§ 111(a)(1): Assaulting, Resisting, or Impeding a Federal Officer Involving Physical Contact.

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone on this day 21st of January 2026.

_____/s/ Autumn D. Spaeth_____
HONORABLE AUTUMN D. SPAETH
UNITED STATES MAGISTRATE JUDGE